IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT HAMMERSLEY,

                Plaintiff,                OPINION AND ORDER

   v.

                                                     14-cv-196-wmc

BARBARA DELAP, *et al.*,

                Defendants.

Former state inmate Robert Hammersley brings this action under 42 U.S.C. § 1983 alleging that he was denied adequate dental care while incarcerated by the Wisconsin Department of Corrections ("WDOC"). Hammersley requests leave to proceed without prepayment of fees and costs. After considering that request and supporting documentation provide by Carter, the court has determined that he qualifies for indigent status for purposes of the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a). Before he can proceed, however, the court is also required to determine whether the proposed action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). In addressing any *pro se* litigant's pleadings, the court must construe the allegations generously, and hold the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court must deny Hannersley leave to proceed and will dismiss the complaint for reasons set forth below.

ALLEGATIONS OF FACT

Hammersley alleges, and the court assumes for purposes of this screening order, the following facts.

Plaintiff Hammersley was born with a cleft palette that required surgical repair.  In 1988, one of his front teeth was removed during a bone graft operation.  Eventually, an orthotic "dental bridge" was placed in the upper anterior portion of Hammersley's mouth, replacing the front tooth that had been removed.  The bridge was secured to adjacent teeth.

From October 2008 through January 2013, Hammersley was incarcerated by WDOC.  Beginning in May 2009, Hammersley complained of sensitivity in the front teeth around his bridge.  In response, Hammersley received dental care at the Dodge Correctional Institution from the following defendants:  Dr. William Flanagan and his dental assistant; Dr. David Smith and his dental assistant; Dr. Veronica Smith and her dental assistant; Dr. Craig Rosenthal and his dental assistant; Dr. Chris Rauch and his dental assistant; and Dr. D. Bogenpohl and his dental assistant.

Hammersley claims that his front teeth were healthy before he entered WDOC in 2008, but that following Hammersley's release from prison, his bridge "came off."  At an appointment on January 31, 2013, his dentist observed that a tooth abutting the bridge (tooth 9) had "extensive and unrestorable recurrent caries" or cavities and would need to be extracted.  Hammersley claims that the dentists and dental assistants who treated him while he was incarcerated breached a duty of due care and were negligent.  He claims further that Barbara Delap is liable as the Director of Dental Services for WDOC under a theory of *respondeat superior*.

OPINION

Hammersley seeks relief for civil rights violations pursuant to 42 U.S.C. § 1983.  To establish liability under § 1983, a plaintiff must establish that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the

2

defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law.  *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989).

To state an Eighth Amendment violation for the denial of medical care, a prisoner must allege facts from which it can be inferred that prison officials were deliberately indifferent to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).  A prison official acts with "deliberate indifference" if he intentionally disregards a known, objectively serious medical condition that poses an excessive risk to an inmate's health.[1]  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  This deliberate-indifference standard applies to dental care, among other medical conditions.  *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)); *see also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (inability to chew food, bleeding, headaches, cracked teeth and extreme pain are examples of harms that present serious dental needs).

Hammersley's complaint fails for two reasons under this standard.  *First*, Hammersley sues defendant Delap under 42 U.S.C. § 1983 primarily in her capacity as a supervisory official.  However, there is no *respondeat superior* or vicarious liability under § 1983.  *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Kinslow v. Pullara*, 538 F.3d 687, 693 (7th Cir. 2008).  For a supervisor to be liable, he or she must be

---

[1] For example, serious medical conditions include:  (1) those that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and/or (3) conditions that have been "diagnosed by a physician as mandating treatment."  *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997).

"personally responsible for the deprivation of the constitutional right." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Hammersley does not allege sufficient facts to make such an inference here.

*Second*, Hammersley does not establish a constitutional violation with respect to the dentists and dental assistants who treated him while he was in prison. Instead, his allegations go solely to defendants' alleged negligence. Inadvertent error, negligence or gross negligence are insufficient grounds for invoking the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Absent a constitutional violation, Hammersley fails to state a claim upon which relief may be granted for purposes of 42 U.S.C. § 1983.[2]

ORDER

IT IS ORDERED that plaintiff Robert Hammersley's request for leave to proceed is DENIED and his complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Entered this 3rd day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] Obviously, the court expresses no opinion on the viability of a state law negligence claim, should plaintiff choose to pursue one in state court.